IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42162

| RAYMOND A. ROLES, | ) | 2014 Unpublished Opinion No. 813 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 12, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JASON ELLIS, Warden, Idaho Correctional | ) | THIS IS AN UNPUBLISHED |
| Center, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order denying motion for default, <u>affirmed</u>; order denying second motion for default, <u>affirmed</u>.

Raymond A. Roles, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark A. Kubinski, Deputy Attorney General, Boise, for respondent, did not participate on appeal.

GRATTON, Judge

Raymond A. Roles appeals from the district court's orders denying his motion for default and second motion for default. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Roles is an inmate currently under the jurisdiction of the Idaho Department of Correction (IDOC), and is currently incarcerated at the Idaho Correctional Center (ICC) which is a private corporation operated by Corrections Corporation of America, Inc. (CCA).[1] The respondent, Jason Ellis (Ellis), is the present warden of ICC. On September 6, 2013, Roles filed an amended

---

[1] At the time of filing this appeal, CCA was under contract by the state of Idaho to operate ICC. The Idaho Correctional Center is now under the administration of the state of Idaho. For purposes of this opinion, we will refer to the parties as pled.

request for declaratory judgment seeking to compel Ellis to produce and make readily available to ICC inmates the IDOC policy and procedure manual.[2]  Roles attempted service on Ellis via certified mail.  Ellis did not respond to the request, and on October 25, 2013, Roles filed a motion for default against Ellis.  The district court denied Roles' motion, finding that Roles had not properly served Ellis with the amended request for declaratory judgment because service may not be accomplished by certified mail.  In denying Roles' motion, the court specifically referenced Idaho Rule of Civil Procedure 4(d)(5), apparently finding that ICC is an agency of the state of Idaho, and thus finding that service on the attorney general was required.[3]

Subsequently, Roles filed a motion for reconsideration arguing that I.R.C.P. 4(d)(5) does not apply to ICC and service upon the attorney general was not required because ICC is a private corporation and not an agency of the state of Idaho.  Roles further argued that service was proper and in compliance with ICC policy.  ICC policy provides that all claims, with the exception of state small claims, are to be sent to ICC's attorneys of record who accept service on ICC's behalf.  The district court denied Roles' motion to reconsider, referencing its earlier denial of Roles' motion for default.

Roles then filed a second motion for default, incorporating by reference his initial motion for default and motion for reconsideration.  Roles also alleged that he had since attempted service on the attorney general in compliance with I.R.C.P. (4)(d)(5) via certified mail, and that

---

[2]     Roles filed an initial request for declaratory judgment on May 9, 2013, in which Ellis was not named as the respondent.  Upon learning that Ellis was the present warden of ICC, Roles filed an amended request for declaratory judgment, naming Ellis as the respondent.

[3]     Idaho Rule of Civil Procedure 4(d)(5) provides:
> Upon the state of Idaho, or any agency thereof, service shall be made by delivering two (2) copies of the summons and complaint to the attorney general or any assistant attorney general.  Upon any other governmental subdivision, municipal corporation, or quasi-municipal corporation or public board service shall be made by delivering a copy of the summons and complaint to the chief executive officer or the secretary or clerk thereof.  In all actions brought under specific statutes requiring service to be made upon specific individuals or officials, service shall be made pursuant to the statute in addition to service as provided above.

2

because the attorney general did not respond, he was entitled to a default judgment.[4] Roles alternatively argued that I.R.C.P. 4(d)(5) does not apply to ICC because ICC is a private corporation and not an agency of the state of Idaho, and thus service upon the attorney general was unnecessary. The district court again denied Roles' motion on the same grounds as its denial of his initial motion. Roles timely appeals.

## II.

## ANALYSIS

Roles argues that the district court erred in denying his motions for default. Specifically, Roles contends that he properly served Ellis pursuant to ICC policy and that service upon the attorney general was not required because the State is not a party to this action. Idaho Rule of Civil Procedure 4 governs the proper procedure to effectuate service. Generally, service of process must be made by someone who is not a party to the action and who is over the age of eighteen. I.R.C.P. 4(c)(1). The proper manner to effectuate service is further dependent on whether the defendant is an individual, a corporation, or the state of Idaho or an agency thereof.

Service upon the state of Idaho or any agency of the state is made by delivering two copies of the summons and complaint to the attorney general. I.R.C.P. 4(d)(5). To the extent that ICC qualifies as an agency of the state of Idaho, as the district court construed it to be, Roles' attempt at service was ineffective. Although Roles alleges in his second request for default that he mailed a copy of the complaint to the attorney general and received no response, there is no support for his claim in the record.

Service upon individuals is made by personally delivering a copy of the summons and complaint to the individual or the individual's agent, or by leaving copies at the individual's dwelling with some person over the age of eighteen who resides there. I.R.C.P. 4(d)(2). To the extent that Roles was attempting to serve Ellis, in his individual capacity, by sending the complaint via certified mail, Roles did not satisfy the requirements of I.R.C.P. 4(d)(2).

Service upon a corporation is made by delivering a copy of the summons and complaint to an officer or agent of the corporation. I.R.C.P. 4(d)(4). To the extent that Roles was attempting to serve ICC as a private corporation by mailing the complaint to Ellis, via certified mail, Roles did not satisfy the requirements of I.R.C.P. 4(d)(4). Idaho Correctional Center policy

---

[4] There is no support in the record for Roles' assertion that he attempted service on the attorney general.

provides that service of process is to be made and accepted by its attorneys of record, as its authorized agent, to accept such service. However, ICC policy further provides that the attorneys of record "CANNOT accept service in small claims cases." Rather, such service may be made on the current ICC Warden through certified mail. Roles, referencing the provision regarding small claims lawsuits, argues that his attempt at service upon Ellis as the current ICC Warden was proper. Roles' attempt at service upon Ellis fails for two reasons. First, Roles did not deliver the summons and complaint to ICC's attorneys of record and thus did not satisfy I.R.C.P. 4(d)(4). Second, Roles incorrectly relied on the ICC policy provision regarding service of process in small claims lawsuits. His lawsuit is not a small claims case and, therefore, the ICC policy provision regarding small claims lawsuits does not apply; and Roles' attempt to serve Ellis via certified mail was, again, ineffective. Therefore, because service was not proper in any respect, the district court properly denied Roles' requests for default.

## III.

## CONCLUSION

Roles failed to demonstrate that the district court erred in denying his request for default and second request for default. Therefore, the district court's orders denying his requests for default are affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**

4